IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


LOU ANN BROWN                                                           PLAINTIFF

            v.                 Civil No. 3:12-cv-03005-JRM

CAROLYN W. COLVIN, Commissioner of
Social Security Administration[1]                                     DEFENDANT

## MEMORANDUM OPINION

## I.     Factual and Procedural Background

        Plaintiff, Lou Ann Brown, brings this action seeking judicial review, pursuant to 42 U.S.C.

§ 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner")

denying her applications for disability insurance benefits ("DIB") and supplemental security income

("SSI") under Titles II and XVI of the Social Security Act ("the Act").

        Plaintiff protectively filed her applications on February 3, 2009, alleging a disability onset

date of January 14, 1991,[2] due to a back injury at L4-5, Graves' disease, poor balance, hearing loss

in her right ear, numbness in her left leg and hip, "drop foot," fibromyalgia, post-traumatic stress

disorder ("PTSD"), and arthritis.  Tr. 184, 194, 197-199, 216, 229-231, 247.  On the amended

alleged onset date, Plaintiff was forty-three years old with a GED.  Tr. 35, 192, 212.

---

[1]  On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2]  At the administrative hearing, Plaintiff amended her onset date to February 3, 2009, and withdrew her DIB application.  Tr. 32.  Her last date insured for Title II purposes was December 31, 1992.  Tr. 12, 139.  As a result, only Plaintiff's SSI claim is at issue.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 78-80, 81-84, 87-88. At Plaintiff's request, an administrative hearing was held on August 18, 2010. Tr. 30-73. Plaintiff was present at this hearing and represented by counsel. The ALJ rendered an unfavorable decision on January 12, 2011, finding Plaintiff was not disabled within the meaning of the Act. Tr. 7-24. Subsequently, the Appeals Council denied Plaintiff's Request for Review on November 30, 2011, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Plaintiff now seeks judicial review of that decision.

## II.   <u>Applicable Law</u>

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months.

*Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A).  The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience.  *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a).  If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled.  *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

III.   **ALJ's Determination**

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since her alleged onset date.  Tr. 13.  At step two, the ALJ found Plaintiff suffers from the following "severe" impairments: prescription narcotic dependence and personality disorder.  Tr. 13. At step three, he determined Plaintiff's impairments, including her substance abuse disorder, met Listings §§ 12.08 and 12.09.  20 C.F.R. Pt. 404, Subpt, P, App. 1.  However, the ALJ found that if Plaintiff stopped the substance abuse, her remaining limitations would cause no more than a minimal impact on her ability to perform basic work activities.  Tr. 16.

Because the ALJ determined Plaintiff would not be disabled if she stopped abusing prescription drugs, he found that her substance abuse disorder was a contributing factor material to

the determination of disability.  Tr. 24.  As a result, he found Plaintiff was not disabled at any time from February 3, 2009, the amended onset date, through January 12, 2011, the date of the administrative decision.

**IV.   Discussion**

Plaintiff contends the ALJ improperly discounted her mental and physical limitations in determining she would have no remaining severe impairments if her prescription drug abuse ceased. *See* Pl.'s Br. 3-8.  The Commissioner contends Plaintiff did not carry her burden of proving that her substance addition disorder was not a contributing factor material to the determination of disability. *See* Def.'s Br. 4-8.  For the following reasons, the court finds that substantial evidence supports the ALJ's decision.

Pursuant to the Contract with America Advancement Act of 1986, Public Law 104-121, an individual is not entitled to benefits if either drug addiction or alcoholism is a contributing factor material to a determination of disability.  Pub. L. No. 104-121, § 105, 110 Stat. 847, 852-855 (1996); 42 U.S.C. § 1382c(a)(3)(J).

When drug abuse or alcoholism is at issue, the ALJ must conduct the following analysis:

(a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor *material* to the determination of disability. . .

(b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.

(1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.

(2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would

-4-

remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

(i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

(ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 416.935 (emphasis added); *See Adams v. Apfel,* 149 F.3d 844, 846 (8th Cir. 1988) (1996 alcohol and drug amendments preclude award of benefits upon disability claim adjudicated after March 29, 1996).  Plaintiff has the burden of proving that drug or alcohol abuse is not a contributing factor material to the disability determination.  *Brueggemann v. Barnhart,* 348 F.3d 689, 693 (8th Cir. 2003) (citing *Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir. 2002)).  However, the ALJ retains the responsibility of developing a full and fair record.  *Brueggemann,* 348 F.3d at 693.

Here, the ALJ determined Plaintiff would have no remaining severe impairments if her abuse of prescription drugs ceased.  Tr. 16.  Thus, the ALJ determined Plaintiff's drug addiction was a contributing factor material to the determination of disability, which precluded a finding of disability. Tr. 16.

The record demonstrates a long history of prescription drug abuse and drug-seeking behavior on Plaintiff's part.  Plaintiff was released from the care of several physicians, including Drs. Christy and Hawk, for drug-seeking behavior.  Tr. 437, 500-503, 546.  After conferring with a local pharmacy, Dr. Christy characterized Plaintiff as a "major drug seeker."  Tr. 437.  In March 2009, Plaintiff was hospitalized for acute narcotic and benzodiazepine withdrawal.  Tr. 573-575.  On December 18, 2009, Plaintiff entered a detoxification program.  Tr. 633-678.  On December 23,

-5-

2009, Plaintiff was admitted to Decision Point treatment facility for opioid dependence.  Tr. 679-685.  She left the program on February 2, 2010, against medical advice.  Tr. 684.  Plaintiff alleges she has not taken any narcotic pain medication since her inpatient treatment.  Tr. 42.  At the administrative hearing, Plaintiff testified that she uses ibuprofen, ice packs, gel packs, and a heating pad to treat her pain.  Tr. 35.

Substantial evidence supports the ALJ's decision that prescription drug abuse was a contributing factor material to the disability determination.  A reasonable person considering the record as a whole could reach the conclusion that Plaintiff's remaining impairments, once her prescription drug abuse ceased, caused no more than minimal impairment on her ability to perform basic work activities.  *See* 20 C.F.R. § 404.1521(a); *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir.2001) ("sequential evaluation may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work").

A. Physical Impairments

The medical evidence of record supports the ALJ's findings with respect to Plaintiff's alleged physical impairments.  First, there is little objective medical evidence to support Plaintiff's allegations of "foot drop."  Her physical presentation varied widely between physicians, so much so that her credibility is brought into question.  Concerning fibromyalgia, the evidence suggests that Plaintiff took Lyrica for a period of time.  Tr. 499.  However, there appears to be no objective evidence, such as positive trigger points on examination, to bolster her allegations concerning the severity of this impairment.  With regard to Graves' disease, the medical evidence establishes that Plaintiff underwent thyroid ablation in 2001. Tr. 726.  Since that time, Plaintiff's thyroid levels have

been adequately controlled with routine thyroid testing and medication management.  *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (an impairment that can be controlled by treatment or medication is not considered disabling).

Plaintiff also alleges a history of chronic low back pain.  In this regard, several radiographic imaging studies revealed no abnormalities.  Tr. 301, 734-735.  An MRI of Plaintiff's lumbar spine from November 2008 revealed *shallow* left foraminal L4-5 disc displacement, without high-grade disc protrusion, critical canal stenosis, or neural effacement involving the remaining lumbar or visualized lower thoracic segments.  Tr. 383.  Dr. Tullis of Neurosurgery Arkansas diagnosed Plaintiff with degenerative disc disease 4/5.  Tr. 388.

The undersigned recognizes that Plaintiff likely experiences back pain associated with her degenerative disc disease.  However, frequent reports of malingering and drug-seeking behavior undermine her overall credibility.  A February 2009 report noted that Plaintiff's shuffling gait seemed exaggerated.  Tr. 405.  Dr. Brownfield noted that Plaintiff "highly magnified" her symptoms during her April 2009 examination, either due to depression or to assure that her disability was processed.  Tr. 444.  An October 2009 report from Dr. Crabtree revealed that Plaintiff had normal range of motion of the lumbar spine, normal gait and station, and normal lower extremity strength, although she had a positive straight leg raise on the left.  Tr. 696.  Plaintiff's neurological examination was essentially normal, and Dr. Crabtree diagnosed her with lumbar back pain and left lower extremity pain.  Tr. 697.  By contrast, a report from Dr. Linn from October 2009 noted that Plaintiff was very difficult to examine, was unable to lift her leg off the table although she was walking without much of a limp, and could not push against resistence in any direction.  Tr. 546.

Drs. Wortham and Schock both wrote letters stating Plaintiff was disabled until she had back surgery. Tr. 277, 390. However, these physicians did not attach any objective findings to support their conclusions. Additionally, it appears that they may have been relying largely on Plaintiff's subjective statements, rather than objective findings. Tr. 403-404. The ultimate question of disability is one reserved solely to the Commissioner. Treating source opinions that a claimant is disabled are not the type of medical opinion entitled to controlling weight. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004) ("treating physicians' opinions are not medical opinions that should be credited when they simply state that a claimant cannot be gainfully employed").

B. <u>Mental Impairments</u>

Substantial evidence also supports the ALJ's analysis of Plaintiff's alleged mental impairments. In a Mental Diagnostic Evaluation dated June 8, 2009, W. Charles Nichols, Psy.D., noted that Plaintiff's assessment was very consistent with her previous assessment in October 2001, in that she continued to exhibit signs of drug dependence and malingering. Tr. 467. Dr. Nichols noted probable underperformance on the mental status portion of the examination. Tr. 467. He also noted that Plaintiff appeared intoxicated, likely on a prescription medication, although this could not be confirmed without chemical testing. Tr. 467. He diagnosed Plaintiff with opioid dependence, opioid-induced depressive disorder, and personality disorder not otherwise specified with prominent cluster B traits. Tr. 467. He estimated Plaintiff's Global Assessment of Functioning ("GAF") score at 60-65. Tr. 467.

Plaintiff received outpatient treatment at Health Resources of Arkansas from February 2009 through October 2009. Tr. 518-543, 686-693. She was diagnosed with anxiety disorder not otherwise specified and physical abuse of adult (victim). Tr. 524-525. Treatment notes dated

January 4, 2010, reveal that Plaintiff had been noncompliant with treatment recommendations.  Tr. 690.

Plaintiff directs the Court to her therapist's Medical Source Statement, which was completed on March 15, 2010.  Tr. 630-632.  Ms. Combs is not an "acceptable medical source" according to the regulations; rather, her opinion is considered "other source" evidence.  20 C.F.R. §§ 416.913(a); 416.913(d) (other source evidence may be used to show the severity of impairments or how they affect the claimant's ability to work).  Most notably, it appears that Plaintiff may have underreported her history of prescription drug abuse during her initial intake examination at Health Resources of Arkansas.  Tr. 522-524.  As such, Ms. Combs' opinion as to Plaintiff's limitations was not fully informed.

After considering the evidence of record, the undersigned concludes that substantial evidence supports the ALJ's findings in their entirety.  The claimant's extensive history of drug-seeking behavior lends credit to the ALJ's opinion that her frequent medical appointments were the result of prescription drug dependence rather than true physical or mental impairment.  Plaintiff's overall lack of treatment following her alleged sobriety date further reinforces this notion.  As such, Plaintiff has not carried her burden of showing that drug or alcohol addiction was not a contributing factor material to the disability determination.  *Brueggemann,* 348 F.3d at 693.  For all these reasons, the ALJ's decision is affirmed.

**V.    <u>Conclusion</u>**

Having carefully reviewed the record, the undersigned finds that substantial evidence supports the ALJ's determinations at each step of the disability evaluation process, and thus the decision should be affirmed.  Accordingly, Plaintiff's complaint should be dismissed with prejudice.

IT IS SO ORDERED this 1st day of March 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE